# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 05-40116-JAR |
| JORGE M. CANO, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER
## DENYING MOTION TO RECONSIDER

On August 27, 2012, the Court dismissed Defendant Jorge Cano's Motion to Vacate Pursuant to 28 U.S.C. § 2255 as untimely and dismissed for lack of jurisdiction his amended § 2255 motion as an unauthorized second or successive § 2255 motion (Doc. 115). Defendant then filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 116) on the grounds that he was denied effective assistance of counsel and alternatively, that he should receive the benefit of a revised Department of Justice "Fast Track" Program. The Court dismissed this motion as an unauthorized successive § 2255 motion (Doc. 117), and the Tenth Circuit Court of Appeals subsequently denied Defendant's request for authorization to file a second or successive motion for habeas relief (Doc. 120). On November 25, 2013, the Court denied Defendant's Motion Requesting Copies of the transcript from his sentencing hearing as well as the court docket and other court filings, including his sealed Presentence Investigative Report ("PSIR") free of charge, as there was no pending motion before this Court and Defendant had not requested or obtained authorization from the Tenth Circuit to file a second or successive request for habeas corpus relief, as required by 28 U.S.C. §§ 2255(h)

and 2244(b)(3) (Doc. 122). Defendant then filed a motion seeking authorization from the Tenth Circuit to file a successive § 2255 motion, which was apparently denied because he did not attach a copy of the proposed motion he wants to file in this Court.[1]

This matter is now before the Court on Defendant's Motion for Reconsideration of Prior Motion Requesting Copies of Court Documents (Doc. 123). As the Tenth Circuit noted in *Hawkins v. Evans*,[2] the Federal Rules of Civil Procedure do not recognize a motion to reconsider, so such motions are construed as a Rule 59(e) motion to alter or amend if the motion is filed within twenty-eight days of the entry of judgment;[3] if the motion is filed more than twenty-eight days after entry of judgment, it is construed as a Rule 60(b) motion for relief from judgment. In this case, Defendant's request was filed nearly two months after the Court's order. Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule."[4] Under Rule 60(b), the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered; . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . [or] it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[5]

Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by

---

[1] Doc. 123, Ex. 2.

[2] 64 F.3d 543, 546 (10th Cir. 1995).

[3] *See* Fed. R. Civ. P. 59(e) (stating a motion to alter or amend judgment must be filed no later than 28 days after entry of the judgment).

[4] *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

[5] Fed. R. Civ. P. 60(b).

the court when the re-argument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument" because a Rule 60(b) motion is not a substitute for appeal.[6]

Defendant presents no valid legal argument to warrant relief from the Court's order. Instead, he repeats his conclusory arguments that the requested documents are required in order for him to prepare an "accurate and meaningful" § 2255 motion. As both this Court and the Tenth Circuit explained, however, a prisoner who wishes to file a successive § 2255 motion has the burden of showing that he satisfies one of the two conditions: either (1) the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[7] Despite these specific limited conditions, Defendant does not set forth or explain the nature of his request for successive habeas relief or make any showing of particularized need for the documents he requests. As noted above, Defendant has already filed a motion and an unauthorized successive motion. Because Defendant has not shown that absent the requested information, he cannot prepare a motion to file a second or successive § 2255 motion, his motion is denied.[8]

---

[6]*Hilliard v. Dist. Ct. of Comanche Cnty.*, 100 F. App'x 816, 819 (10th Cir. 2004) (internal quotations omitted).

[7]*United States v. Harper*, 545 F.3d 1230, 1232 n.12 (10th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

[8]*See* Rule 7 of the Rules Governing Section 2255 Proceedings (stating if motion not summarily dismissed, court may order expansion of record to include additional materials relevant to motion); 28 U.S.C. § 753 (stating fees for transcripts paid by United States if judge certifies that suit or appeal is not frivolous and that transcript is needed to decide issue presented); 28 U.S.C. § 2250 (stating United States shall furnish without cost to indigent prisoner such documents as judge may require); *United States v. Sistrunk*, 992 F.2d 258, 260 (10th Cir. 1993) (explaining under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Jorge Cano's Motion Requesting Reconsideration of Prior Motion Requesting Copies of Court Documents (Doc. 123) is DENIED.[9]

**IT IS SO ORDERED.**

Dated: February 5, 2014

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE

---

particularized need); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (explaining prisoner does not have right to free transcript simply to search for error in record).

[9] The Court notes that the Tenth Circuit website provides prisoners a form explaining how to request authorization to file a second or successive § 2255 motion, which may be of assistance to Defendant. *See* http://www.ca10.uscourts.gov/downloads/2255form.wpd