# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**

**JORGE M. CANO,**

    **Defendant.**

Case No. 05-40116-01-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Jorge M. Cano's motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 127). Cano also asks the Court to appoint counsel to represent him. For the reasons explained below, the Court dismisses Cano's motion for lack of jurisdiction and denies his request for appointment of counsel.

**I.  Background**

On November 2, 2005, a grand jury sitting in the District of Kansas charged Cano with one count of possession with intent to distribute approximately 17 kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 841(b)(1)(A).[1] After his motion to suppress evidence seized after a traffic stop was denied by the Court, Cano entered into a conditional guilty plea.[2] On July 14, 2008, this Court sentenced Cano to 240 months' imprisonment, followed by 10 years of supervised release.[3] On appeal, the Tenth Circuit Court of Appeals affirmed the Court's denial of Cano's motion to suppress.[4]

---

[1] Doc. 1.

[2] Doc. 54.

[3] Doc. 87.  Judgment was entered on July 22, 2008.  *Id.*

[4] *United States v. Cano*, 364 F. App'x 490 (10th Cir. 2010).

This Court subsequently dismissed Cano's motion to vacate under 28 U.S.C. § 2255 as untimely and dismissed for lack of jurisdiction his amended § 2255 motion as an unauthorized second or successive § 2255 motion.[5] Cano then filed another motion for post-conviction relief under § 2255,[6] which the Court dismissed as an unauthorized successive § 2255 motion.[7] The Tenth Circuit denied Cano's request for authorization to file a second or successive motion for habeas relief.[8]

On April 14, 2015, the Court denied Cano's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.[9] Cano is incarcerated at North Lake Correctional Facility in Michigan. He is 58 years old, and his projected release date is November 2, 2022.

On December 14, 2020, Cano filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[10] Cano seeks release on the ground that he is serving an "unfair sentence," for which he has served approximately sixteen years.[11] He also requests the appointment of counsel to assist with his motion for compassionate release.

## II. Legal Standard

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do

---

[5] Doc. 115.

[6] Doc. 116.

[7] Doc. 117.

[8] Doc. 120.

[9] Doc. 126.

[10] Doc. 127.

[11] *Id.* at 1.

2

so.'"[12]  Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018,[13] a court may modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Where this exhaustion requirement is met, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction, that a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and that the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction.[14]  The Sentencing Commission has recognized four categories of "extraordinary and compelling reasons": the defendant's medical condition, the defendant's age, the defendant's family circumstances, and a catch-all, "other reasons."[15]

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request."[16] "[Tenth Circuit] cases thus require the movant to show that § 3582(c) authorizes relief for the

---

[12] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[13] Pub. L. No. 115-391, 132 Stat. 5194.

[14] 18 U.S.C. § 3582(c)(1)(A); *see United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020).

[15] U.S.S.G. § 1B1.13 cmt. n.1; *see United States v. Gieswein*, 832 F. App'x 576, 577 (10th Cir. 2021).

[16] *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009)) (vacating the district court's order denying a § 3582(c)(1)(A) motion and remanding with instructions to dismiss the motion for lack of jurisdiction).  *But see United States v. Read-Forbes*, ___ F. App'x ___, No. 20-3104, 2021 WL 423160, at *2 n.1 (10th Cir. Feb. 8, 2021) (questioning, but not deciding, "whether [the defendant]'s failure to satisfy the substantive requirements of § 3582(c)(1)(A) is jurisdictional").

3

court to have jurisdiction."[17] In other words, if the defendant cannot show that § 3582(c) authorizes relief, the Court must dismiss the motion for lack of jurisdiction.[18]

## III. Discussion

### A. Exhaustion

Cano does not demonstrate that he has satisfied the exhaustion requirement for relief under § 3582(c)(1)(A). He does not indicate that he requested compassionate from the warden of his facility or otherwise exhausted all administrative rights to appeal the BOP's failure to bring a compassionate release motion on his behalf. Accordingly, the Court must dismiss his motion for lack of jurisdiction.

### B. Counsel

Cano also requests the appointment of counsel to assist him with his compassionate release motion. Under the District of Kansas's Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act of 2018.[19] That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under Administrative Order 20-8, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. The FPD has notified the Court that it does not intend to enter an appearance in Cano's case.

---

[17] *United States v. Poutre*, ___ F. App'x ___, No. 20-8043, 2021 WL 271948, at *1 (10th Cir. Jan. 27, 2021).

[18] *Saldana*, 807 F. App'x at 820; *Poutre*, 2021 WL 271948, at *1. *But see Read-Forbes*, 2021 WL 423160, at *2 n.1.

[19] Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

4

There is no constitutional or statutory right to counsel in the prosecution of a post-conviction motion.[20]  In determining whether to appoint counsel, the Court considers several factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[21]  Generally, a motion requesting compassionate release is not legally or factually complex.  Cano has adequately presented his arguments for relief.  Thus, the Court denies Cano's request for appointment of counsel.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Jorge M. Cano's Motion for Compassionate Release (Doc. 127) is **dismissed without prejudice for lack of jurisdiction**.  Cano's request for appointment of counsel is **denied**.

**IT IS SO ORDERED.**

Dated: February 23, 2021

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[20] *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction . . . ."); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a § 3582(c)(2) motion.").

[21] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).